**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JACQULIN KRAVABLOSKI,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:17-1306** |
| **v.** | : | **JUDGE MANNION** |
| **OM GANESH ONE, INC., d/b/a** | : | |
| **WIRELESS NATION TCC;** | | |
| **TTC, VERIZON WIRELESS[1];** | : | |
| **VERIZON WIRELESS; and** | | |
| **HARDIK SHAH,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Pending before the court is a motion for summary judgment filed on behalf of OM Ganesh One, Inc., d/b/a Wireless Nation USA, The Cellular Connection ("TCC"), and Verizon Wireless ("Verizon"), ("Corporate Defendants"). (Doc. 9).[2] Upon review of the motion and related materials, the Corporate Defendants' motion for summary judgment will be **GRANTED**.

---

[1]The plaintiff has named "TTC, Verizon Wireless" as a defendant in this action. The Corporate Defendants have indicated that they are unaware of any such entity, and no return of service has been filed with respect to TTC, Verizon Wireless. By separate order, the plaintiff has been directed show cause why the instant action should not be dismissed as to TTC, Verizon Wireless pursuant to Fed.R.Civ.P. 4(m).

[2]The Corporate Defendants' motion was originally filed as one to dismiss the plaintiff's complaint. By order of court, the motion was converted to one for summary judgment and the parties were given additional time to brief the motion as such. (Doc. 21).

The plaintiff's complaint sets forth two counts against the Corporate Defendants. Count I alleges a hostile work environment resulting from harassment by defendant Shah and Count II alleges retaliation. Both counts are brought under Title VII and the Pennsylvania Human Relations Act ("PHRA")[3]/[4].

Summary judgment is appropriate "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Aetna Cas. & Sur. Co. v. Ericksen, 903 F.Supp. 836, 838 (M.D.Pa. 1995). At the summary judgment stage, "the judge's

_____

[3]Title VII and PHRA claims are analyzed under the same standards. See Davis v. Tammac Corp., 127 F.Supp.2d 625, 629, n. 6 (M.D.Pa. 2000) (citations omitted)).

[4]Count III of the plaintiff's complaint alleges an individual liability claim under the PHRA against defendant Shah. No return of service has been filed with respect to defendant Shah. Again, by separate order, the plaintiff has been directed show cause why the instant action should not be dismissed as to defendant Shah pursuant to Fed.R.Civ.P. 4(m).

2

function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249; see also Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323-24. The moving party can discharge the burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003); see also Celotex, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient evidence to support a jury verdict in its favor. Boyle v. County of Allegheny, 139 F.3d 386, 393 (3d Cir. 1998) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). However, if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant]

will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." Celotex Corp., 477 U.S. at 322-23; Jakimas v. Hoffman-La Roche, Inc., 485 F.3d 770, 777 (3d Cir. 2007).

The Corporate Defendants have submitted a statement of material facts in support of their motion for summary judgment, the following of which are supported by the record and are undisputed. The plaintiff was employed as a sales consultant from June 30, 2015 through February 17, 2016.[5] On February 18, 2016, the plaintiff sent an email with the subject "Farewell" to an individual named Harry Patel. In her email to Mr. Patel, the plaintiff indicated that she could no longer work for the company, in that there had "been to (sic) much going on and being said for [her] to handle . . ." The plaintiff indicated that she did not need "this type of drama and distress in [her] life on top of personal issues . . . at home" and that "[t]here [were] a lot of things that ha[d] happened and that we're (sic) done to [her] by certain people that [she] ha[d] not said anything about to this day." After this email, the Corporate Defendants did not receive any further communication from the plaintiff until she filed her PHRC/EEOC complaint on April 26, 2016. On June 24, 2016,

---

[5]There is an issue as to which of the Corporate Defendants employed the plaintiff which is not relevant for present purposes since the court finds that the plaintiff has failed to establish a claim under either Title VII or the PHRA, regardless of which of the Corporate Defendants employed her.

4

defendant OM Ganesh One, Inc., submitted an answer to the plaintiff's PHRC/EEOC complaint.

The Corporate Defendants' materials establish that defendant Shah worked as a sales consultant at the same store as the plaintiff. He was a co-worker, with the same position, same duties and same job title as the plaintiff. Defendant Shah was never the plaintiff's supervisor. Jasmine Purohit was the store manager for both the plaintiff and defendant Shah. Defendant Shah's last date of employment was February 13, 2016.[6] He has not worked for any of the Corporate Defendants or their subsidiaries since his last date of employment.[7]

A majority of the claims alleged in the plaintiff's complaint with respect to defendant Shah's harassment of her occurred after he left his employment on February 13, 2016, and after the plaintiff left her employment on February 17, 2016. Prior to those dates, the plaintiff alleges that, in January 2016,

---

[6]The plaintiff's counsel denies this statement, in part, claiming that it is inadmissible because it is not based on the declarant's personal knowledge. Upon review, with the exception of one paragraph in her second declaration which is not at issue here, the declarant swears under penalty of perjury that the information contained in each of her three declarations is based on her personal knowledge.

[7]The plaintiff challenges defendant Shah's employment status claiming that she "believes" that he still works for the Corporate Defendants. However, the plaintiff has not presented any evidence to refute the Corporate Defendants' materials.

defendant Shah tried to entice her with job positions in locations such as California, Maryland and Delaware. On or about February 1 or 2, 2016, the plaintiff alleges that defendant Shah began questioning her about her personal relationships and went through her phone without her permission. Finally, at or around this same time, the plaintiff alleges that defendant Shah drove to her home in the middle of the night.[8]

---

[8]In response to the Corporate Defendants' motion for summary judgment, the plaintiff submitted her own affidavit. The Corporate Defendants argue that the affidavit is "a transparent attempt to provide a sham affidavit to defeat summary judgment" because it greatly expounds upon the allegations in her complaint. Upon review, the court does not find that the plaintiff's affidavit constitutes a "sham affidavit" because it is not contradictory to a prior sworn statement or deposition. See Jiminez v. All Am. Rathskeller, Inc., 503 F.3d 247, 253 (3d Cir. 2007) ("A sham affidavit is a contradictory affidavit that indicates only that the affiant cannot maintain a consistent story or is willing to offer a statement solely for the purpose of defeating summary judgment.").

However, the court does find that the affidavit is an improper attempt by the plaintiff to amend the allegations in her complaint. To this extent, the plaintiff has raised numerous new allegations in her affidavit in support of her claims which she never raised or even alluded to in her complaint. The plaintiff cannot now, at this stage of the proceedings and without permission from the court, amend her complaint through an affidavit in response to a motion for summary judgment. See e.g., Bridgeport Music, Inc. v. WB Music Corp., 508 F.3d 394, 400 (6th Cir. 2007); Tucker v. Union of Needletrades, Indus. & Textile Emp., 407 F.3d 784, 787-788 (6th Cir.2005). See also Church v. Maryland, 180 F.Supp.2d 708, 732 (D.Md. 2002) (disregarding allegations that were raised for the first time in plaintiff's affidavit in opposition to defendants' motion for summary judgment); Ribis v. Mike Barnard Chevrolet-Cadillac, Inc., 468 F. Supp. 2d 489, 495 (W.D.N.Y. 2007).

Therefore, the court will consider the statements made in the plaintiff's affidavit only to the extent that they directly relate to the allegations raised in
(continued...)

As indicated above, the plaintiff alleges a hostile work environment claim under Title VII and the PHRA as a result of defendant Shah's harassment. In order to establish a hostile work environment claim, the plaintiff must show that: (1) she suffered intentional discrimination because of her [gender]; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected her; (4) the discrimination would have detrimentally affected a reasonable person of the same protected class in her position; and (5) there is a basis for vicarious liability. Huston v. Procter & Gamble Paper Prods. Corp., 568 F.3d 100, 104 (3d Cir. 2009).

The Corporate Defendants initially argue that the plaintiff has failed to establish a valid hostile work environment claim because no basis for vicarious liability exists.

> When the hostile work environment is created by a victim's non-supervisory coworkers, the employer is not automatically liable. Rather, employer liability for co-worker harassment exists only if the employer failed to provide a reasonable avenue for complaint or, alternatively, if the employer knew or should have known of the harassment and failed to take prompt and appropriate remedial action.

Id. (citations omitted). Moreover, "[a]n employer's remedial action is adequate 'if it is reasonably calculated to prevent further harassment.'" Huston, 568 F.3d at 110 (quoting Knabe v. Boury Corp., 114 F.3d 407, 412 n. 8 (3d

_____

[8](...continued)
her complaint. The court will disregard any statements that constitute new allegations in support of her claims raised for the first time in her affidavit.

7

Cir.1997)). As the Third Circuit has explained:

> A remedial action that effectively stops the harassment will be deemed adequate as a matter of law. On the other hand, it is possible that an action that proves to be ineffective in stopping the harassment may nevertheless be found reasonably calculated to prevent future harassment and therefore adequate. Thus, where an employer's prompt remedial action is not effective (or, as in this case, where the effectiveness of the prompt remedial action cannot be tested), courts may still decide that the action was adequate as a matter of law.

Knabe, 114 F.3d at 412 n. 8, 413. "Even if the remedial action does not stop the alleged harassment, it is 'adequate' if it is 'reasonably calculated' to end the harassment." Andreoli v. Gates, 482 F.3d 641, 644 (3d Cir. 2007) (citation and footnote omitted).

Upon review, the plaintiff has neither alleged nor established that defendant Shah was her supervisor. The plaintiff indicates only that she believes that defendant Shah "acted as a higher up." This does not, however, make defendant Shah a supervisor. In fact, the Corporate Defendants' materials establish that defendant Shah was the plaintiff's co-worker with the same job title and job duties as the plaintiff.

Given that defendant Shah was not the plaintiff's supervisor, the Corporate Defendants can only be held liable if they failed to provide a reasonable avenue for complaint or, alternatively, if they knew or should have known of the harassment and failed to take prompt and appropriate remedial action. Here, the plaintiff alleges that between an unspecified date in January

8

2016 and February 1 or 2, 2016, defendant Shah went through her phone and began questioning her about her personal relationships. In addition, he "tried to entice [her] with job positions in other locations." On or around February 1 or 2, 2016, the plaintiff provides that she informed her manager, Ms. Purohit, of defendant Shah's behavior and asked her manager to speak to defendant Shah. At about that same time, the plaintiff alleges defendant Shah drove by her house in the middle of the night. The plaintiff alleges that she informed her manager of this incident as well. On an unspecified date, the plaintiff claims that Ms. Purohit, in fact, spoke to defendant Shah about the plaintiff's complaints, as requested, and that Ms. Purohit was assured by defendant Shah would not do anything to the plaintiff or otherwise bother her.[9] Defendant Shah resigned his employment on February 13, 2016.

The plaintiff's own allegations indicate that she had an avenue by which to voice her complaints and she used that avenue by expressing her complaints to her manager. She asked her manager to talk to defendant Shah about her complaints. The plaintiff's manager, in fact, talked to defendant Shah and was informed that he would not do anything to the plaintiff or

---

[9]Although the plaintiff argues that the Corporate Defendants are liable because no one from management looked into or investigated her claims of harassment, Ms. Purohit was management. She heard the plaintiff's complaints and took the exact action which the plaintiff requested. Ms. Purohit spoke with defendant Shah about the plaintiff's complaints and was assured that he would not bother the plaintiff.

otherwise bother her. Although the plaintiff does not specify when exactly her manager had this conversation with defendant Shah, it would have to have been shortly after the plaintiff reported defendant Shah's actions, as he resigned his employment on February 13, 2016. Despite the fact that Ms. Purohit's discussion with defendant Shah allegedly did not stop defendant Shah's harassment after he left his employment with the defendants, the court finds that Ms. Purohit took prompt and remedial action such that there is no basis for vicarious liability on the record before the court. As such, the Corporate Defendants' motion for summary judgment on the hostile work environment claim will be granted on this basis.

With regard to the plaintiff's retaliation claim, in order to establish a retaliation claim, the plaintiff must prove a *prima facie* case by providing facts showing that: (1) she was engaged in a protected activity; (2) she suffered an adverse employment action based on exercise of the protected activity; and (3) there is a causal link between the protected activity and the adverse employment action. Hussein v. UPMC Mercy Hospital, 466 Fed.Appx. 108, 111-12 (3d Cir. 2012) (citations omitted). "Causation 'may be demonstrated by evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action.'" Id. (citation omitted).

Here, the plaintiff's sole allegation as to this claim is that, after she

asked the Corporate Defendants to stop the harassment, " . . . [they] retaliated against [her] by allowing the harassment to escalate and forcing [her] to leave her employment . . ." Contrary to the plaintiff's allegation, as discussed above, the record demonstrates that when the plaintiff reported defendant Shah's harassment to her manager, her manager attempted to remedy the situation by doing exactly what the plaintiff requested she do, i.e. speak with defendant Shah. Shortly thereafter, defendant Shah resigned from his employment and the plaintiff followed by resigning four days after defendant Shah. Therefore, even if defendant Shah's harassment of the plaintiff continued, there is nothing that the Corporate Defendants could have done to prevent any such harassment as neither of them were employees of the company.

Moreover, in her letter of resignation, the plaintiff references "drama and distress" on top of "personal issues [she was] having back at home," and states that "[t]here [were] a lot of things that [had] happened and that we're (sic) done to [her] by certain people that [she] had not said anything about to this day." Thus, the record demonstrates that the Corporate Defendants made an attempt to remedy the complaints they knew about, but could not have taken action with respect to incidents of which they did not know. Because the plaintiff has not established that she suffered an adverse employment action, the court finds that the Corporate Defendants are entitled to summary

judgment as to the plaintiff's retaliation claim as well.

In light of the foregoing, the Corporate Defendants' motion for summary judgment will be granted. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date:  March 21, 2019**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-1306-01.wpd